UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CINDY CARLSON, on behalf of                                Civil No. 09-6344-HA
S. CARLSON, a minor,
                                                           OPINION AND ORDER
              Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

_____

HAGGERTY, District Judge:

       Plaintiff seeks judicial review of a final decision by the Commissioner of the Social

Security Administration denying her daughter's application for Supplemental Security Income

(SSI).  This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §

405(g).  For the following reasons, the Commissioner's decision is AFFIRMED.

**FACTUAL AND PROCEDURAL HISTORY**

       S. Carlson, a minor, was six years old at her alleged disability onset date.  (She and her

mother are referred to collectively as "plaintiff.")  Plaintiff alleges disability due to several

1- OPINION AND ORDER

mental and physical impairments.  Her SSI application was denied initially and upon

reconsideration.  An Administrative Law Judge (ALJ) conducted a hearing on April 28, 2008, at

which he heard testimony from plaintiff, who was represented by counsel, and plaintiff's mother.

On May 13, 2008, the ALJ issued a decision finding that plaintiff was not disabled as

defined in the Social Security Act.  The ALJ found that plaintiff suffered from the severe

impairments of borderline intellectual functioning, bipolar disorder, and attention-deficit

hyperactivity disorder.  Tr. 17, Finding 3.[1]  The ALJ determined that plaintiff's only marked

limitation involves interacting and relating with others.  Tr. 22.

The Appeals Council declined plaintiff's request for administrative review, making the

ALJ's decision the final decision of the Commissioner.  Plaintiff subsequently initiated this

action seeking judicial review.

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to

engage in any substantial gainful activity (SGA) "by reason of any medically determinable

physical or mental impairment" that has lasted or can be expected to last for a continuous period

of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  Additionally, for the purposes of SSI,

a plaintiff has the burden of proving disability prior to the termination of his or her insured

status.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a three-step sequential evaluation process for

determining if a child is eligible for SSI benefits.  20 C.F.R. § 416.924(a).  First, the ALJ must

determine whether the child has engaged in SGA.  *Id.*  If so, the child is deemed not disabled and

---

[1] Tr. refers to the Transcript of the Administrative Record.

2- OPINION AND ORDER

the inquiry ends. *Id.* If the child has not engaged in SGA, then the ALJ must determine whether he or she suffers from a severe impairment or combination of impairments that is severe. *Id.* An impairment is not severe if it is a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c).

At the third and final step, the ALJ must determine whether the child's severe impairment meets, medically equals, or functionally equals, one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.924(a), 416.925. If the ALJ finds that the impairment meets or equals a listing, then the child is deemed disabled. 20 C.F.R. § 416.924(d).

An impairment functionally equals a listing when it results in "marked" limitations in two of the six domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a (listing the six domains as: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being). A marked limitation is one that seriously interferes with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An extreme limitation is more than marked, and is one that very seriously interferes with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is

3- OPINION AND ORDER

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits must be upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

## **DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits. She alleges a number of errors by the ALJ, including: (1) failing to find that plaintiff's impairments met or equaled a listed impairment; (2) failing to request that plaintiff be evaluated by a mental health professional; and (3) failing to find that plaintiff's post-traumatic stress disorder (PTSD) is a severe impairment.

Plaintiff also asserts that the Appeals Council failed to consider new evidence showing that plaintiff is enrolled in special education classes. Plaintiff's legal arguments rely primarily on the court's consideration of the new evidence. Accordingly, this issue will be addressed first.

1.      **New evidence**

Plaintiff contends that the Appeals Council failed to consider additional evidence showing that she required special education. Pl.'s Br. at 7. Plaintiff asserts that this evidence was significant because "the ALJ relied and grounded his decision so often based on the facts that [p]laintiff had not required special education[.]" *Id.* Plaintiff requests this court to either review the new evidence and find plaintiff disabled, or order a remand so the ALJ may consider the new evidence. Defendant responds that plaintiff cannot establish that the new evidence is material because the records pertain to plaintiff's functioning one year after the ALJ's decision. Def.'s Br. at 5.

The court may remand a case in light of new evidence when the new evidence is material to the disability determination and the claimant has shown good cause for failing to present the information earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). To be material, the new evidence must bear "directly and substantially on the matter in dispute." *Id.* Material evidence should relate to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. § 416.1470(b). The claimant must also demonstrate a "reasonable possibility" that the new evidence would have changed the disability determination. *Mayes*, 276 F.3d at 462.

Plaintiff's newly submitted records indicate that she was placed in special education classes in May 2009, one year after the ALJ's decision. Tr. 368-70. The new records are immaterial to this SSI application because they pertain to a period after the date of the ALJ's decision. Plaintiff also fails to provide any evidence demonstrating good cause for failing to present the evidence earlier. The good cause requirement cannot be met simply because the claimant obtains a more favorable report after his or her disability claim was denied. *Mayes*, 276 F.3d at 463.

5- OPINION AND ORDER

Moreover, it is unlikely that the new evidence would have changed plaintiff's disability determination. In 2009, plaintiff's teachers reported a "great deal of improvement" and noted that plaintiff's "[a]ttendance and work output has greatly improved." Tr. 374. Plaintiff's revised school plan also includes no change in the amount of time for plaintiff's special education services related to behavior. Tr. 167 (fifteen minutes per week in 2006); Tr. 384 (fifteen minutes per week in 2009). The absence of any increase in plaintiff's special education for behavior supports the ALJ's assessment that plaintiff has a marked—but not extreme—limitation in interacting with others.

Plaintiff's new records indicate that she has received an increase in specialized attention in the subjects of math, reading, and writing since 2006. *Id.* The additional time in special education for these three disciplines pertains to the domain of acquiring and using information. *See* 20 C.F.R. § 416.926a(g). The ALJ found no limitation for this domain, and noted that plaintiff was in regular education, received fairly normal grades, enjoyed reading, and had borderline test scores. Tr. 21.

In her most recent records, plaintiff scored ten points below passing for her district-wide tests, which is only slightly below her test scores for 2006. Tr. 173, 374. No other information is provided in plaintiff's new records indicating a marked limitation in plaintiff's functioning in the domain of acquiring and using information. Therefore, no reasonable probability exists that the new information would have changed the ALJ's disability determination. Plaintiff may file a new application if she believes there is new evidence that establishes her disability. *See Sanchez v. Sec. of Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987).

2.      **Plaintiff's impairments**

6- OPINION AND ORDER

Plaintiff asserts that the ALJ's conclusion that plaintiff's mental impairments had improved was erroneous.  Pl.'s Br. at 8.  To the contrary, plaintiff's medical records support the ALJ's finding that plaintiff's behavioral problems and mood disorders were controlled by medication.  Tr. 186, 220, 243, 246-47, 332-33.  Plaintiff improved in school.  Tr. 191-92, 332-33.  In 2007, plaintiff appeared to be generally happy with stable moods.  Plaintiff's mother once reported that plaintiff wished that she were dead, however, plaintiff was not depressed and enjoyed interacting with her roommate.  Tr. 340-43.

The ALJ properly relied upon plaintiff's school records and her own admission that plaintiff was not placed in special education classes.  Tr. 18.  In 2004, a team consisting of plaintiff's teachers, school district staff, and plaintiff's mother evaluated plaintiff and found her ineligible for special education based on any learning disabilities.  Tr. 103, 105-06.  Plaintiff's teachers noted that plaintiff was improving and stated that she was "performing within or better than the expected range when compared to [her] IQ scores."  Tr. 105.

Plaintiff was re-evaluated in 2006, and the team determined that plaintiff could benefit from some special education services due to behavioral problems.  Tr. 168-69, 177.  Plaintiff remained in regular classes but was given special accommodations for math, written language, and behavior.  Tr. 167, 172-74.  The team stated that plaintiff's behavioral problems had a marked effect on her educational performance.  Tr. 173.  Plaintiff was also evaluated by a psychologist who explained that plaintiff's mood disorder significantly interferes with her education.  Tr. 186.

These records provided substantial evidence in support of the ALJ's finding that plaintiff suffers from a marked limitation in the domain of interacting and relating with others.  However, substantial evidence of plaintiff's improvement and mental stability similarly supports the ALJ's

7- OPINION AND ORDER

finding that plaintiff does not suffer from an extreme limitation in the domain of interacting and relating with others, and supports the ALJ's finding that plaintiff was not markedly limited in any other domain.

Plaintiff also argues that the ALJ failed to consider her physical problems with obesity, but provides no support for her argument. Pl.'s Br. at 10. Plaintiff's medical records include a few citations to her problems with acne and obesity, but her records do not indicate that these issues interfere with her ability to initiate, sustain, or complete activities. Tr. 186, 243, 252, 331-33. Plaintiff never described any physical limitations from her obesity to the ALJ.

An ALJ need only evaluate the severity of plaintiff's impairments in combination with obesity "based on the information in the case record." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (citing Social Security Ruling 02-01p). Therefore, an ALJ need not discuss the combined effects of a claimant's obesity if the claimant fails to set forth any supporting evidence showing that obesity limits his or her functioning. *Id.* at 683. Because plaintiff's medical records do not detail any limitations from obesity and plaintiff failed to specify any at her hearing, the ALJ did not commit reversible error by not discussing plaintiff's obesity.

Plaintiff's remaining arguments have been reviewed and are rejected. An ALJ's duty to develop the record is only triggered by "ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459 (citation omitted). The ALJ was not required to direct plaintiff to be evaluated by a mental health professional because the record included several reports from plaintiff's treating therapists and an extensive report from her school psychologist. Additionally, the ALJ did not need to discuss plaintiff's PTSD because it was controlled by her medication and her mother reported at the hearing that it had improved. Tr. 243, 404. Therefore, substantial evidence supported the ALJ's findings.

8- OPINION AND ORDER

**CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Commissioner's decision denying S. Carlson's application for SSI benefits must be AFFIRMED.

IT IS SO ORDERED.

DATED this   7  day of December, 2010.


        /s/ Ancer L. Haggerty
          Ancer L. Haggerty
          United States District Judge